**Svetlana KISSELEV, Youri Kisselev, Petitioners,**

**v.**

Alberto GONZALES,* Attorney General, Respondent.

Nos. 03–4827 (L), 03–4828(CON).

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

Irina Kogan, Brooklyn, New York, for Petitioners.

Craig M. Wolff, Assistant United States Attorney (Allen F. Loucks, United States Attorney for the District of Maryland, on the brief), Greenbelt, Maryland, for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

SUMMARY ORDER

Petitioners Youri and Svetlana Kisselev seek review of an order of the Board of Immigration Appeals ("BIA"), issued on April 2, 2003, summarily affirming the January 31, 2000, decision of an immigration judge ("IJ") denying the Kisselevs' applications for asylum and withholding of removal. The Kisselevs argue that the IJ erred in (1) refusing to allow Youri Kisselev to amend his previously filed asylum application so as to indicate that he and his wife Svetlana had been arrested or detained; (2) finding that the Kisselevs' claims of persecution on account of their

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

membership in the Greek Catholic Church were not credible; and (3) failing to consider all the evidence in the record substantiating the Kisselevs' claim that Greeks Catholics are persecuted in Ukraine. Though raised before the BIA, on this appeal, petitioners have abandoned their claim under the United Nations Convention Against Torture and Other Cruel, Unusual or Degrading Treatment or Punishment and it is therefore waived. We assume familiarity with the facts and procedural history. We deny the petitions.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). When reviewing the decision of the IJ, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We accord particular deference to the IJ's credibility determinations. *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

█ The Kisselevs claim that the IJ abused his discretion in refusing to allow Youri Kisselev to amend his 1993 asylum application immediately prior to his hearing before the IJ in 1999. Given that the Kisselevs did not seek to amend the application until the eve of the hearing, and given that Youri was afforded the opportunity to explain any omissions from his application, the IJ did not abuse his discretion in this regard.

█ We find no merit in the Kisselevs' argument that the IJ improperly discredited their claims of past persecution. Youri Kisselev's initial asylum application, filed soon after his arrival in the United States in 1993, did not indicate that either he or Svetlana had ever been arrested. A subsequently submitted affidavit noted one occasion on which Youri had been arrested, and no instances of the arrest of Svetlana. During his hearing before the IJ, however, Youri testified that he had been arrested by the Ukrainian police on average once per month throughout a sixteen-year period, and that Svetlana had also been arrested numerous times. The Kisselevs produced no corroborating evidence of arrest or harassment. In light of this inconsistency, we find that the IJ's credibility finding was reasonable and supported by substantial evidence.

Finally, having affirmed the IJ's finding that there had been no past persecution, we reject the Kisselevs' argument that the IJ erred in concluding that the Kisselevs had not established a well-founded fear of future persecution based on country background reports or other information in the record. The U.S. State Department report relied upon by the IJ indicates that "the Greek Catholic Church ... enjoy[s] unfettered freedom of worship," and the Kisselevs have not pointed to any recent information compelling a contrary conclusion.

We have carefully considered the Kisselevs' remaining arguments and find them to be without merit.

For the reasons set forth above, the petitions for review are DENIED.